IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARQUIS PROCAP SYSTEM, LLC,  Plaintiff,  v.  NOVOZYMES NORTH AMERICA, INC.,  Defendant. | 8:20CV395  ORDER |

    This matter is before the Court on plaintiff Marquis Procap System, LLC's ("Marquis") Statement of Objections (Filing No. 36) to the magistrate judge's[1] Order granting in part and denying in part (Filing No. 35) Marquis's motion to compel third-parties to comply with document and deposition subpoenas (Filing No. 1). In its motion to compel, Marquis sought documents from competitor Green Plains Inc. ("Green Plains") and the depositions of Green Plains, Green Plains's chief executive officer Todd Becker, and Green Plains's chief operating officer Walter Cronin (collectively, "third parties"). Marquis now asks the Court for "a limited modification to the Magistrate Judge's Order compelling Green Plains to produce its internal discussions and notes relating to its collaboration with Novozymes in its ethanol by-product business."

    The third parties oppose (Filing No. 38) Marquis's statement of objections because, as they see it, "Marquis is simply attempting a workaround of the Magistrate Judge's Order." Rather than making specific objections to the order, Marquis "proposes 'alternative' document requests that were never considered before—by either Green Plains or the Court." They argue that seeking amended discovery requests in this manner "is an inappropriate use of an objection to the Magistrate Judge's order." The third parties also

---

[1] The Honorable Michael D. Nelson, United States Magistrate Judge for the District of Nebraska.

reiterate that the magistrate judge properly prevented them from having to respond to overly burdensome discovery and disclosing proprietary information. The Court agrees.

District Court judges "may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a). A decision is "'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Chakales v. Comm'r of Internal Revenue*, 79 F.3d 726, 728 (8th Cir. 1996). "An order is contrary to the law 'if it fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Parker v. United States*, No. 8:18CV123, 2019 WL 2076795, at *1 (D. Neb. May 10, 2019) (quoting *Knutson v. Blue Cross & Blue Shield of Minn.*, 254 F.R.D. 553, 556 (D. Minn. 2008)).

The Court has carefully reviewed the magistrate judge's well-reasoned order, Marquis's objections, and the record in this case. The Court finds the order of the magistrate judge is not clearly erroneous or contrary to law. Accordingly,

IT IS ORDERED:
1. Plaintiff Marquis Procap System, LLC's objections (Filing No. 36) are overruled.
2. The magistrate judge's Order (Filing No. 35) is affirmed.

Dated this 22nd day of March 2021.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge